IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

vs.                                               No. CV 21-00303 RB/KK

DWAYNE SANTISTEVAN, and
ATTORNEY GENERAL HECTOR BALDERAS,

    Respondents.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR A PRELIMINARY INJUNCTION**

THIS MATTER is before the Court on the Motion for a Preliminary Injunction filed by Bryce Franklin. (Doc. 6.) The Court will deny the request for a preliminary injunction.

In order to receive a preliminary injunction, Franklin must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Eng'rs*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d

1276, 1281 (10th Cir. 2016). Franklin faces a heightened burden of showing that exigent circumstances of the case support the granting of a remedy that is extraordinary even in the normal course. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004). The movant is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *See id.* at 976; *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

Franklin's motion fails for several reasons. First and most importantly, the claims in the Petition arise out of an adverse prison disciplinary decision on charges of possession of escape paraphernalia. (Doc. 1 at 1–2.) The claims in his Petition are all due process claims directed to his resulting placement in the Department of Corrections's Predator Behavior Management Program ("PBMP") at Northeastern New Mexico Detention Facility. (*Id.* at 1–3.) His motion for injunctive relief relates to the alleged failure of a different facility, Lea County Correctional Facility, to allow him to keep legal CDs and the necessary equipment to review them. (Doc. 6 at 1, 5, 6.) Franklin's motion fails because there appears to be no relationship between the injury claimed in the motion and the conduct asserted in the Petition. *See Devose*, 42 F.3d at 471.

Further, injunctive relief that relates to prison conditions of confinement, rather than challenging a conviction and sentence, is not available in a habeas corpus proceeding. Instead, a request for injunctive relief challenging the facility's policies regarding legal CDs is more properly brought in a civil rights proceeding under 42 U.S.C. § 1983. See *Muhammad v. Close*, 540 U.S. 749, 750 (2004) *(per curiam)*; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). If Franklin wants to bring injunctive relief claims against a prison facility other than the one that imposed the challenged disciplinary action, then he may do so in a separate civil rights proceeding.

Even if injunctive relief were available on his CD claim, Franklin fails to establish how the CDs are necessary to this proceeding or how he will be harmed in his prosecution of this case if the CDs are discarded. He states that one of the CDs is from oral argument in "this case in district court." (Doc. 6 at 2). However, Franklin only recently filed this case and there have not been any hearings in the case. If the CD is from the disciplinary hearing that he is challenging, he fails to articulate what is on the CD and how it relates to the charges against him or the discipline imposed against him. Further, he does not explain whether the CD is part of the prison disciplinary proceeding or whether it was from a hearing on his state habeas corpus case in the State of New Mexico Eighth Judicial District Court. (*See id.*) In addition, he states that the two additional CDs relate to "other pro se matters" but does not identify what those matters may be or how, if at all, they bear on the challenged disciplinary action. (*Id.*) Franklin fails to establish how he will be irreparably harmed if the CDs are discarded. *See Davis*, 302 F.3d at 1111.

Last, Franklin makes no showing of extraordinary or exigent circumstances that would justify preliminary injunctive relief in this case. Not only does it appear that Franklin is unlikely to succeed on the merits of his injunctive relief claim, he also fails to show that circumstances necessitate the granting of preliminary relief. *See Edmisten*, 287 F. App'x at 731. Franklin does not show any right to relief that is clear and unequivocal and his request for preliminary injunctive relief will be denied. *Dine Citizens*, 839 F.3d at 1281.

Franklin predicates much of his argument on his claim that Lea County Correctional Facility is wrongfully discarding the CDs. However, the attachment to Franklin's motion demonstrates that the correctional facility has given Franklin two other options in order to preserve the CDs and protect his interests. The attachment states:

> You have 3 legal cd's and you will need to get with the librarian in order to make an appointment to review the cd's. If for any reason you are unable to view the cd

you will need to provide an address so that way, we can mail them out. You will have 30 days from the day you receive this letter to inform us or the librarian of your decision. After those 30 days if we do not hear back from you or are given an address to send the cd's out, they will be disposed of.

(Doc. 6 at 9).

Franklin's motion does not establish a clear and unequivocal entitlement to injunctive relief. *See Dine Citizens*, 839 F.3d at 1281. He fails to meet the heightened burden of showing that exigent circumstances support granting a remedy that is extraordinary even in the normal course. *O Centro Espirita,* 389 F.3d at 975. Nor does Franklin demonstrate that he will suffer irreparable harm in the prosecution of this case if injunctive relief is not granted. *Davis*, 302 F.3d at 1111. Last, the injunctive relief Franklin seeks is unavailable in this habeas corpus case. Therefore, the Court will deny the motion for injunctive relief. *See Nelson*, 541 U.S. at 643.

**IT IS ORDERED** that the Motion for a Preliminary Injunction filed by Bryce Franklin (Doc. 6) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE