IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

v.                                                                                No. 2:21-cv-0303 RB/KK

DWAYNE SANTISTEVAN, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Petitioner's Motion for Voluntary Dismissal Without Prejudice. (Doc. 20.) Petitioner asserts that he has "determined the correct vehicle for this complaint is [42 U.S.C. § 1983]" and thus seeks to voluntarily dismiss the matter. (*Id.*) More than one month has passed, and Respondents have not filed a response brief. *See* D.N.M. LR-Civ. 7.1(b) (stating that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

Under Federal Rule of Civil Procedure "41, a voluntary dismissal filed after the opposing party serves an answer requires a stipulation signed by all parties." *See Rigel v. Corr. Dep't*, No. Civ. 16-0090 RB/SCY, 2019 WL 1352844, at *1 (D.N.M. Mar. 26, 2019) (citing Fed. R. Civ. P. 41(1)(A)(ii)). Without a signed stipulation, the Court must enter an order. *See id.* (citing Fed. R. Civ. P. 41(a)(2)). Here, Respondents have appeared and served an answer. (*See* Doc. 15.) Because Respondents have not filed their consent to Franklin's motion for voluntary dismissal, the Court will consider whether an order granting the motion is appropriate.

"Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *See Rigel*, 2019 WL 1352844, at *1 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). Respondents have not identified any legal prejudice they will suffer should the Court grant Petitioner's motion. "The parameters of what constitutes 'legal prejudice' are not entirely clear, but" the Tenth Circuit has identified several factors courts may consider, such as: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537 (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

In this case, Respondents have gone to some time and expense to prepare and file an answer and the record. (*See* Doc. 15.) The Court imagines, however, that Respondents may largely use the same answer and record should Petitioner refile his complaint under § 1983. It does not appear that Petitioner has unduly delayed this matter or shown a lack of diligence, and his explanation of the need for dismissal is clear. Finally, Respondents do not argue that the present stage of litigation precludes a voluntary dismissal.

For these reasons, the Court finds Petitioner's motion should be granted.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Voluntary Dismissal Without Prejudice (Doc. 20) is **GRANTED** and this matter is **DISMISSED without prejudice**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE